# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REZA BARANI, individually and on behalf of all others similarly situated,**<br><br>　　　　　　**Plaintiff,**<br><br>　v.<br><br>**WELLS FARGO BANK, N.A.,**<br><br>　　　　　　**Defendant.** | Case No.: 3:12-CV-02999-GPC-KSC<br><br>**CLASS ACTION**<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**<br><br>Judge:  Hon. Gonzalo P. Curiel |

**FINAL APPROVAL ORDER**

This action was filed on December 18, 2012. After information and confirmatory discovery, several settlement discussions, including a mediation session before the Honorable Leo Papas (Ret.), the Parties to this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. reached a settlement on a class action basis.

On April 18, 2014, the Claims Administrator, at Defendant's request and direction, served written notice of the proposed class action settlement, in compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4.

Representative Plaintiff Reza Barani and Defendant Wells Fargo Bank, N.A. (herein jointly referred to as the "Parties") entered into a class action Settlement Agreement (hereinafter referred to as the "Agreement"), and subsequently an Amended Agreement, which is subject to review under Fed. R. Civ. P. 23. On January 17, 2014, the Parties filed the Agreement, along with a Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

On April 9, 2014, upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class" or "Class Members") with respect to the claims asserted in the action; (ii) preliminarily approved the proposed settlement and stipulated injunction; (iii) appointed Plaintiff Reza Barani as Class Representative; (v) appointed Hyde & Swigart, and Kazerouni Law Group, APC, as Class Counsel; and (vi) set a date and time of the Final Approval Hearing.

On September 18, 2014, Plaintiff filed an Addendum ("Amended

Agreement") to his Motion for Preliminary Approval of Class Action Settlement, for the purpose of modifying the Settlement to include 6,685 Newly-identified Settlement Class Members following the Preliminary Approval Order, based on discovery of additional member of the Class upon further review by Defendant of its records, raising the total number of Class Members to 82,874. On October 6, 2014, the Court granted that motion. *See* Order Approving Addendum to Motion For Preliminary Approval of Class Action Settlement, Dkt. No. 28 ("Modified Preliminary Approval Order").

On July 7, 2014, Class Counsel timely filed their motion for attorneys' fees, costs, and incentive payment, with supplemental briefing filed on December 24, 2014 ("Fee Brief").

On February 4, 2015, the Plaintiff timely filed a Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion"). Pursuant to their Final Approval Motion, the Plaintiff requests final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

On March 6, 2015, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court. The Court has read and considered the Agreement and Amended Agreement, Fee Brief, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the NOW, THEREFORE, IT IS HEREBY ORDERED:

I. <u>JURISDICTION</u>:  The Court has jurisdiction over the subject matter of the Action and over all settling Parties hereto.

II. <u>SETTLEMENT CLASS MEMBERS</u>:  Pursuant to Fed. R. Civ. P. 23(b)(3), this action is hereby finally certified, for settlement purposes only, as a class

action on behalf of the following Class or Class Member with respect to the claims asserted in this action:

> The Class consists of all wireless phone subscribers and users within the United States of America, who received any text message/s from Defendant in connection with, or as a result of, its send/receive money product program, who were not customers of Defendant at the time the text/s were sent, which text messages were sent during the Class Period.
>
> Excluded from the Class are Defendant, their parent companies, affiliates or subsidiaries, or any employee thereof, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to who the Action is assigned, and any member of those judges' staffs and immediate families.

III. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>: Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Reza Barani as the Class Representative, and Hyde & Swigart, and Kazerouni Law Group, APC as Class Counsel.

IV. <u>NOTICE AND CLAIMS PROCESS</u>:  Pursuant to the Court's Preliminary Approval Order and Modified Preliminary Approval Order, the Claims Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court.  The form and method for notifying the settlement Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and Modified Preliminary Approval Order, satisfies Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice process was clearly designed to advise the Class Members of their rights.  Further, the Court finds that the claims process set forth in the Agreement and Amended Agreement was followed

and that the process was the best practicable procedure under the circumstances.

V. <u>FINAL CLASS CERTIFICATION</u>: For settlement purposes only, the Court again finds that the action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

1. The 82,874 Class Members are so numerous that joinder of all of them in the Action would be impracticable;
2. There are questions of law and fact common to the Class Members, which predominate over any individual questions;
3. The claims of Plaintiff are typical of the claims of the Class Members;
4. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all the Class Members, and there are no known conflicts of interest; and
5. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

VI. In light of the benefits to the Class Members obtained through the settlement, the strength of the Representative Plaintiff's case, the complexity, expense and probable duration of further litigation, and the risk and delay inherent in class action litigation, the Court finds that the settlement of this action, on the terms and conditions set forth in the Agreement and Amended Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members.

VII. <u>SETTLEMENT TERMS</u>: The Agreement and Amended Agreement, which have been filed with the Court and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any

order issued by this Court. The material terms of include, but are not limited to, the following:

1. Defendant shall pay each of the 973 Qualified Class Members who submitted a Valid Claim Form $646.17 from the Settlement Fund of $1,033,361.95;

2. Defendant shall pay the total sum of $1,500 to the Representative Plaintiff, Reza Barani, payable through Class Counsel as incentive payment for bringing and participating in this action;

3. Defendant shall pay to Class Counsel the sum of $258,340.00 as attorneys' fees incurred in litigating the action, in the manner specified in the Agreement and Amended Agreement;

4. Defendant shall pay to Class Counsel the sum of $7,381.30 as costs incurred in litigating the action, in the manner specified in the Agreement and Amended Agreement;

5. Defendant shall pay to the Claims Administrator, ILYM Group, Inc., the sum of $137,417.85 for notice and claims administration expenses, in the manner specified in the Agreement;

6. The checks to the Qualified Class Members shall be negotiable for 180 days from issuance; and,

7. Two hundred and ten (210) days after the date on which the last Settlement check was issued, the Claims Administrator shall pay any amount remaining in the Settlement Fund from uncashed Settlement checks to one or more cy pres recipients which are to be agreed upon by the Parties and approved by the Court, pursuant to Section 8.05(f) of the Agreement.

VIII. EXCLUSIONS AND OBJECTIONS: A total of two (2) exclusions were received. Those persons requesting exclusion are (i) Emily Lange and (ii) Michael Joseph Urbom. The Court hereby excludes these two individuals

from the Class. The Class Members were given an opportunity to object to the Settlement. There were no objections filed by any of the Class Members. This Order is binding on all Class Members, except those individuals named on Exhibit A, who validly and timely excluded themselves from the Class.

IX. <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>: The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Pursuant to the release contained in the Agreement, the released claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order. [Agreement § 16.]

X. The action is hereby dismissed with prejudice in all respects.

XI. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

XII. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the action and/or Agreement (and Amended Agreement), including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

Dated: March 6, 2015

The Honorable Gonzalo P. Curiel
U.S. DISTRICT JUDGE